TACY et al. v. STARKS et al.

(Supreme Court, Appellate Division, Third Department.　December 7, 1901.)

1. MALICIOUS PROSECUTION—ARREST—CIVIL DISPUTE—ABUSE OF PROCESS.
　　　The employment of criminal process to force the payment of debts and compel the settlement of civil disputes cannot be tolerated.

2. SAME—SECONDARY EVIDENCE.
　　　Where, in a suit for damages for the arrest of plaintiffs for the purpose of extorting money, defendants sought to justify on the ground that the arrest was properly made on a valid criminal charge, it was error to permit them to state what the complaint charged, it being the best evidence.

Appeal from Clinton county court.

Action by Lucy Tacy and another against Norman W. Starks and another.　From a judgment affirming a judgment dismissing the complaint, plaintiffs appeal.　Reversed.

Argued before PARKER, P. J., and HOUGHTON, EDWARDS, SMITH, and CHASE, JJ.

H. S. Haff, for appellants.

Everest & Signor, for respondents.

HOUGHTON, J.　The coplaintiff and her husband were arrested upon a warrant issued by the defendant Starks, as a magistrate, upon a complaint made by defendant Duchane.　The warrant was executed by defendant Decora, a constable.　The plaintiffs claimed, and the proof showed, that while thus under arrest, and because of threats of further imprisonment in the state prison or the county jail, they paid over to the defendants the sum of $40.75, which was divided amongst them in various proportions under pretext of debt due or fees earned in the criminal proceeding.　The defendants attempted to justify the transaction by proof that the plaintiffs voluntarily settled the claim of defendant Duchane and the costs of the arrest.　The plaintiffs appear to have been simple and ignorant people, and much terrified at their arrest and the prospect of further imprisonment.　The principal defendant himself testified that the plaintiffs begged him not to be too hard, and said they would settle just the way he liked; and it appears they did so.　Courts cannot tolerate such a transaction.　It appears to be quite too ordinary a proceeding in extreme rural districts to use the criminal process of local magistrates to force the payment of debts and compel the settlement of civil disputes.　A decision of this case upon the facts, however, is unnecessary, for the judgment must be reversed because of an error in the admission of evidence.　The defendants sought to justify the arrest and detention of the plaintiffs on the ground that it was properly made, and asked the defendant Starks what the criminal complaint was for.　This was objected to by the plaintiffs on the ground that a criminal complaint must be in writing, and that the complaint was the best evidence.　The objection was overruled, to which plaintiffs excepted, and the witness stated the charge was for assault and battery.　The defendants were seeking to show that the arrest was not made for

the purpose of extorting money, but upon a valid criminal charge. If they could justify the arrest at all, it was material for them to show for what crime it was made; and hence the evidence was relevant, and the objection fatal.

The judgments of the county court and the justice's court are reversed, with costs and disbursements of the appeal in the county court and in this court to the appellants. All concur.